*LEONARD IMMEL, surviving trustee of FREDERICK STOE-
VER, an insolvent debtor, *against* JOHN STOEVER, CHRIS-
TIAN KREIDER and PHILIP STINE, administrators of
TOBIAS STOEVER, deceased.

The trustee of an insolvent debtor, cannot sustain an action, in right of the insolvent, without having first given bond.
A bond executed with security, and filed upon the trial of the cause, is not sufficient.

Appeal from the Circuit Court of Lebanon county, held by Justice Huston.

It was an action of assumpsit for money had and received. Issues were joined upon the pleas of *non assumpsit* and payment.

It appeared upon the trial of the cause, that *Leonard Immel*, the surviving trustee of *Frederick Stoever*, an insolvent debtor, had not given bond for the faithful discharge of the duties of trustee, before he brought this suit against the administrators of *Tobias Stoever*, deceased. This being made an objection to the plaintiff's recovery, *Leonard Immel* then executed a bond, with sufficient security, in the penalty of twenty thousand dollars, and offered to file the same. The defendant still contended, that the plaintiff could not recover, unless he had given bond before suit brought, and his Honour, who

(Leonard Immel, surviving trustee of Frederick Stoever, an insolvent debtor, *v.* John Stoever, Christian Kreider and Philip Stine, administrators of Tobias Stoever, deceased.)

tried the cause, being of this opinion, the plaintiff suffered a nonsuit, which he afterwards moved the court to take off, which being refused, he entered an appeal to this court.

*Weidman* and *Fisher,* for appellant.

The application and discharge of *Frederick Stoever,* as an insolvent debtor, were under the acts of 1730 and 1798, the latter of which was engrafted in the former; when he was discharged on the 6th March, 1809, no security was ordered by the court to be given. The plaintiff has a legal right to recover, without having given security, for the estate passes to the trustee for the benefit of the creditors, immediately upon the execution of the assignment; and if so, the right of action is inseparably incident. *Willis* v. *Row,* 3 *Yeates,* 520. *Cooper* v. *Henderson,* 6 *Bin.* 189. *Kennedy* v. *Ferris,* 5 *Serg. & Rawle,* 394. *Gray* v. *Hill,* 10 *Serg. & Rawle,* 436. The bond is given for the benefit of the *creditors,* and they may dispense with it. *The Farmers Bank of Reading* v. *Boyer,* 16 *Serg. & Rawle,* 48. The debtor can not make the objection, 5 *Cranch,* 281. 6 *Cranch,* 329. *Wickersham* v. *Nicholson,* 14 *Serg. & Rawle,* 118. The Circuit Court, might from necessity, have taken the security, whereby justice would have been done between the parties, and the creditors of *Stoever,* relieved from all risk.

*Elder* and *Hopkins,* for the appellees, whom the court declined to hear.

The opinion of the court was delivered by

Smith, J.—At the trial of this cause, in the Circuit Court of Lebanon county, held in March last, by his Honour Justice Huston, the plaintiff was nonsuited, principally on the ground, that he had not entered into the bond, required by the insolvent law of 1798, before he instituted the action; which nonsuit, the plaintiff afterwards moved the court to set aside. That motion being refused, he entered the present appeal. The act of the 4th of April, 1798, (to be found in the 4 *vol. Penn. Laws, Dall. ed. p.* 269,) for the relief of insolvent debtors, formed of itself, a complete system. It provided for the discharge of all insolvent debtors, in term time, and of such as were arrested in execution, in vacation; and directed that every trustee appointed under it, should, before he acted as such, give bond to the commonwealth, with security, in such penalty, as the court should order, &c. It expired on the 1st of May, 1801, but it was revived by an act, passed the 26th of March, 1808, for one year, and from thence to the end of the next session of the general assembly.

*Frederick Stoever,* on the 31st of January, 1809, petitioned the court of Common Pleas of Dauphin county, to extend the benefits of this law to him, and on the 6th of March ensuing, was according-

(Leonard Immel, surviving trustee of Frederick Stoever, an insolvent debtor, *v.* John Stoever, Christian Kreider, and Philip Stine, administrators of Tobias Kreider, deceased.)

ly discharged by that court, after assigning to the plaintiffs, all his estate, in trust, for the benefit of his creditors. But his trustees did not enter into the bond required by the third section. This suit was instituted to November term, 1823. The question to be decided is, can the action be maintained? It is manifest, from the proceedings of the court of Common Pleas, that they were all founded upon the act of 1798, revived by the act of 1808, and not upon the act of 1730. The legislature then has therein prescribed, that the trustees shall, before they act as such, give bond with security, &c. without complying with that requisition, the plaintiff commenced the present action. It is to no purpose that the insolvent's estate vested in him, as he contends, by the assignment. The law expressly restrains him from doing any act in relation to the trust, until he executes the bond directed to be given; nor can the bond, tendered to the Circuit Court, be regarded as a compliance with the third section of the act of 1798, for the Circuit Court had no authority to determine the amount of the penalty, or approve of the surety in the bond; and even if it possessed such authority, and had received and approved the bond, which was tendered, the plaintiff would not have been aided; since every suit must be good at its inception, nor can the want of a cause of action be supplied by a subsequently accruing right. The act of assembly in question empowers the court of Common Pleas to fix the sum for which the bond should be given, and to approve the security. The plaintiff must look to this law for his guide in the proceedings which he may hereafter adopt, in the execution of his trust. It is only necessary for us at present to say, that we consider the decision of the Circuit Court, from which he has appealed, as perfectly correct, and that the judgment must be affirmed.

Judgment affirmed.